UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK W. SHAY,

                Plaintiff,

   v.                                     **DECISION AND ORDER**
                                               11-CV-128S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

     1.     Plaintiff Mark W. Shay challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that he has been disabled due to a low back disorder since June 29, 2005.  Plaintiff contends that his impairments render him unable to work.  He therefore asserts that he is entitled to disability insurance benefits ("DIB") under the Act.

     2.     Plaintiff filed an application for DIB under Title II of the Act on November 27, 2007, alleging disability since June 29, 2005.  The Commissioner of Social Security ("Commissioner") denied Plaintiff's initial application, and Plaintiff requested a hearing.  An administrative hearing was then held on June 22, 2009 before ALJ John P. Costello at which Plaintiff appeared with counsel and testified.  The ALJ considered the case *de novo*, and on July 15, 2009, issued a decision denying Plaintiff's application for benefits.  Plaintiff filed a request for review with the Appeals Council, which, on December 14, 2010, denied Plaintiff's request for review.  Plaintiff filed the current civil action on February 11, 2011, challenging Defendant's final decision.[1]

---

[1] The ALJ's July 15, 2009 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

3. On July 5, 2011, the Commissioner filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff followed suit by filing his own motion for judgment on the pleadings on August 5, 2011. Briefing on the motions concluded August 22, 2011, at which time this Court took the motions under advisement without oral argument. For the reasons set forth below, the Commissioner's motion is denied and this matter is remanded for further proceedings.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.      This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.      Although the claimant has the burden of proof as to the first four steps, the

Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.  In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since June 29, 2005 (R. at 17);[2] (2) Plaintiff's low back disorder constitutes a "severe" impairment within the meaning of the Act (Id.); (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals the criteria necessary for finding a disabling impairment under the regulations (R. at 18); (4) Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a), but could only occasionally stoop, crouch, crawl, climb stairs, kneel or balance (R. at 19); and (5) considering Plaintiff's age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that Plaintiff could perform (R. at 22). Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act from June 29, 2005, through July 15, 2009, the date of the ALJ's decision. (R. at 23.)

---

[2] Citations to the underlying administrative record are designated as "R."

10. Plaintiff advances three challenges to the ALJ's decision.[3] First, Plaintiff argues that the ALJ erred by not giving controlling weight to the findings and opinions of his treating physicians, and giving unwarranted weight to the opinions of consulting examiners. Second, he asserts that the ALJ erred in fashioning an RFC that was unsupported by substantial evidence. Third, Plaintiff argues that his hearing testimony should have been found credible by the ALJ because it was supported by objective medical evidence.

11. Plaintiff first argues that the ALJ failed to recognize Doctors John Orsini and Glenn Rechtine as treating physicians and erred in not giving their opinions controlling weight, or even stating what weight their opinions were being given. Plaintiff further argues that evidence from other medical sources should not be given greater weight because it comes from physicians who examined Plaintiff on only a single occasion and who were employed by adverse parties.

12. At the outset, this Court can dispense with Plaintiff's argument of bias. Plaintiff's charges that while Doctors E. Robert Wilson, Charles C. Heck, and Barry Katzman may have been labeled "Independent Medical Examiners" they were in reality consulting examiners for a Workers Compensation claim and a no-fault insurance carrier. The same was true of Christopher Ferrante and Alexander Mazurofsky.

Aside from the fact that the ALJ's opinion either does not mention, or only briefly touches upon, the opinions of these individuals, Plaintiff has also not provided any

---

[3] Plaintiff raises a fourth argument that this Court should reverse the ALJ's decision and remand this case solely for calculation of benefits. Plaintiff points to a third hypothetical question posed by the ALJ to the Vocational Expert, and which demonstrated that an individual who would be off-task approximately 25% of the time would not be able to perform any jobs in the national economy. Because remand in this case is necessitated by deficiencies in the ALJ's discussion of Plaintiff's treating physicians, this Court does not reach Plaintiff's argument that full reversal is warranted.

grounds, aside from their employment, from which to conclude that these physicians' opinions were biased.[4]  Plaintiff identifies no medical findings by these individuals that misrepresented tests they may have performed, or that the tests they performed were selectively chosen and applied for purposes of eliciting a one-sided result. See Yancey v. Apfel, 145 F.3d 106, 113-14 (2d Cir. 1998) (concluding that ALJ was not required to subpoena physician where no indication that doctor's reports were inaccurate or biased); see also Cook v. N.Y. Times Co. Long-Term Disability Plan, No. 02 Civ. 9154(GEL), 2004 WL 203111, at *19 (S.D.N.Y. Jan. 30, 2004) (finding evidence of possible bias by reviewing physicians and protocols utilized insufficient to discredit medical conclusions).  This Court will thus not credit Plaintiff's conclusory allegations, and will find that the ALJ was entitled to rely on the opinions of consultative physicians.

13.     However, Plaintiff's argument that this case must be remanded for failure by the ALJ to explicitly state who was a treating physician, what weight they are entitled to, and why their opinions were not found controlling has more merit.

Under the "treating physician's rule,"[5] the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v.

---

[4] Although the ALJ did not explicitly mention the opinions of these physicians, an ALJ "is not required to discuss all the evidence submitted, and [his] failure to cite specific evidence does not indicate that it was not considered." Barringer v. Comm'r of Soc. Sec., 358 F. Supp. 2d 67, 79 (N.D.N.Y. 2005) (quoting Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000)).  This Court does not find it necessary to discuss these opinions in detail, but does note that they all generally support a finding that Plaintiff was able to return to work, though not without various limitations.  (See, e.g., R. at 644, 651, 860.)

[5] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

6

Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Generally, "the Social Security Administration is required to explain the weight it gives to the opinions of a treating physician." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999). Moreover, SSR 96-2p provides that:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. Under 20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of opinion; (4) consistency; (5) specialization of treating physician; and (6) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998). But a conclusory finding by a medical source that a claimant is "disabled" or "unable to work" does not mean that the Commissioner must determine the claimant is disabled within the meaning of the Act. See 20 C.F.R. § 404.1527(e).

14.  In the present case, Plaintiff contends that the ALJ failed to recognize Doctors' John Orsini and Glenn Rechtine as his treating physicians. Dr. Orsini began seeing Plaintiff on July 25, 2005, and continued to see Plaintiff once every month to two

months thereafter. (R. at 20.) Dr. Rechtine has seen Plaintiff since September 2006 on a monthly basis. (Id.) "A treating physician is defined as the claimant's own physician who has provided the individual with medical treatment or evaluation, and who has or who had an ongoing treatment and physician-patient relationship with the individual." Hilsdorf v. Comm'r of Soc. Sec., 724 F. Supp. 2d 330, 343 n. 4 (E.D.N.Y. 2010) (quoting Sokol v. Astrue, No. 04-CV-6631 (KMK)(LMS), 2008 WL 4899545, at *12 (S.D.N.Y. Nov. 12, 2008) (internal quotation marks omitted); see also Schisler v. Sullivan, 3 F.3d 563, 569 (2d Cir. 1993).

Reviewing the ALJ's decision, it is clear that he engaged in an extensive discussion of Doctors' Orsini and Rechtine's examination history, including the frequency with which Plaintiff saw them. (R. at 20-21.) Contrary to Plaintiff's assertions that the ALJ gave no weight to those opinions, the ALJ's decision actually relies, in part, on those doctors opinions. (Id.) The ALJ reviewed both doctors' opinions as weighing against a finding of disability, including that Plaintiff's range of motion testing was within normal limits, various "maneuvers" did not cause pain, Plaintiff was able to walk on heels and toes, stand with no list, and was in fact able to return to work in July of 2005. (R. at 20.) The ALJ also noted that based on those doctors' treatment, Plaintiff's condition had neither worsened nor improved, and his medication and dosage level remained accordingly unchanged. (R. at 21.)

Those findings were further bolstered by the opinions of various other physicians. Doctor E. Robert Wilson concluded that Plaintiff would be able to return to work, though only with lifting no more than 15 pounds, no repetitive bending, and no walking or standing for more than ten minutes at a time. (R. at 626.) Dr. Sandra Boelert similarly found that Plaintiff had "moderate limitation[s] [in] heavy walking, use of stairs, or exertional activity."

(R. at 514.) He did not, however, need any assistive devices, and displayed a normal gait, could walk on heels and toes without difficulty, fully squat, and rise out of his chair without difficulty. (R. at 512.) This Court also notes that this finding was also in line with Plaintiff's daily living, which included driving and riding his bicycle, hunting, camping, and fishing, participating in church activities, and attending college classes full time. (R. at 152, 481, 593.)

15.   Despite this evidence in support of the ALJ's decision, this case must ultimately be remanded. Nowhere in the ALJ's decision does the ALJ identify who is, and who is not, a treating physician. In failing to do so, the ALJ also avoided ascribing the weight given those treating physicians' opinions. This alone would be grounds for remand. Burgin v. Astrue, 348 Fed. Appx. 646, 648 (2d Cir. 2009) (summary order) ("The failure to provide 'good reasons' for not crediting a treating source's opinion is a ground for remand."). Based on the evidence already discussed, this might not have necessitated remand, were it not for the fact that Dr. Orsini also determined that Plaintiff was totally disabled and could not return to work.

A letter from April 13, 2006, labels Plaintiff as totally disabled and states that Plaintiff would return to work on September 1, 2006, at the earliest. (R. at 789.) A note from August 24, 2006, again describes Plaintiff as totally disabled. (R. at 790.) Again, on December 27, 2006 he is labeled totally disabled, and his return to work date was unknown. (R. at 791.) Similar notes are present for March 8, July 12, August 2, and December 7 of 2007, as well as January 22, April 1, and June 24 of 2008. (R. at 792-798, 853-855.) The ALJ's decision does not discuss these at all, or address why they were not

given controlling weight.[6]

The Commissioner argues that Dr. Orsini's statement that Plaintiff was disabled is not entitled to any special significance, and cites 20 C.F.R. § 404.1527(e) in support. The Defendant is correct that the final determination of disability is an issue reserved for the Commissioner. 20 C.F.R. § 404.1527(e); 20 C.F.R. § 416.927(e); see also Green-Younger, 335 F.3d at 106 ("'A treating physician's statement that the claimant is disabled cannot itself be determinative.'") (quoting Snell, 177 F.3d at 133)). However, although "[r]eserving the ultimate issue of disability to the Commissioner relieves the Social Security Administration of having to credit a doctor's finding of disability, [] it does not exempt administrative decisionmakers from their obligation, under Schaal[ v. Apfel, 134 F.3d 496 (2d Cir. 1998)] and § 404.1527(d)(2), to explain why a treating physician's opinions are not being credited." Snell, 177 F.3d at 134; Newbury v. Astrue, 321 Fed. Appx. 16, 17 (2d Cir. 2009) (summary order) (statement by doctor that individual is disabled does not constitute disability determination but still requires that ALJ "comprehensively set forth [the] reasons for the weight assigned to a treating physician's opinion."). In Snell, the Second Circuit enunciated the reasons for this rule:

> The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, even–and perhaps especially–when those dispositions are unfavorable. A claimant . . . who knows that her physician has deemed her disabled, might be especially bewildered when told by an administrative bureaucracy that she is not, unless some

---

[6]This Court has considered whether remand in this matter could be avoided on the ground that "where application of the correct legal principles to the record could lead [only to the same] conclusion, there is no need to require agency reconsideration." Zabala v. Astrue, 595 F.3d 402, 409 (2d Cir. 2010) (quoting Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987)) (alterations in original). However, Dr. Orsini's disability findings are significantly more favorable to Plaintiff and are not duplicative of other evidence the ALJ considered. Id. at 409-10 ("Because the report that the ALJ overlooked was not significantly more favorable to Petitioner, we find no reasonable likelihood that her consideration of the same doctor's 2002 report would have changed the ALJ's determination that Petitioner was not disabled during the closed period."). Accordingly, this is not a case of harmless error.

reason for the agency's decision is supplied.

Snell, 177 F.3d at 134.  This reasoning has been reiterated in recent years, though in summary order form.  Newbury, 321 Fed. Appx. at 18 (quoting Snell, 177 F.3d at 134). Thus, while the ALJ need not find Dr. Orsini's opinion on the ultimate question of disability controlling, he must explain why he disagrees with that opinion.  See Snell, 177 F.3d at 134.  Because here the ALJ has failed to state which of the many physicians constituted Plaintiff's treating physicians, and also what weight he gave their opinions (and, if less than controlling weight, why), this matter must be remanded for further proceedings.  See Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004) (per curium) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician[']s opinion and we will continue remanding when we encounter opinions from ALJ[s] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.").

16. After carefully examining the administrative record, this court finds errors precluding it from evaluating whether the ALJ's decision was supported by substantial evidence.  The ALJ has not identified which of the physicians discussed was a treating physician, nor the weight given those physicians' opinions. On remand, the ALJ is directed to explicitly state which of the physicians discussed is deemed a treating physicians.  The ALJ is also to state what weight is given to their opinions, and the reasons therefore.  In so doing, the ALJ is directed to explicitly consider Dr. Orsini's disability reports, and, if appropriate, the reasons for rejecting their conclusions.  Because this Court finds remand appropriate, this Court does not reach Plaintiff's remaining arguments.

17. Accordingly, for the reasons stated above, this matter is remanded to the ALJ for further consideration of the opinions of Plaintiff's treating physician or physicians.

11

   IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 3) is DENIED.

   FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

   FURTHER, that this case is REMANDED to the Commission of Social Security for further proceedings consistent with this decision.

   FURTHER, that the Clerk of the Court shall close this case.


   SO ORDERED.


Dated: March 17, 2012
    Buffalo, New York

                 <u>/s/William M. Skretny</u>
                 WILLIAM M. SKRETNY
                    Chief Judge
                 United States District Court